U.S. DISTRICT COURT
DISTRICT OF VERMONT
FILED

UNITED STATES DISTRICT COURT

2019 SEP 12  PM 12: 44

DISTRICT OF VERMONT

CLERK

BY_____
DEPUTY CLERK

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Crim. No.: 2:18-CR-123 **-1-2-3-4-5-6** |
| ) | |
| KRYSTAL WHITCOMB, ) | |
| SHAWN WHITCOMB, ) | |
| MICHAEL HAYES, a.k.a. Moe, ) | |
| JOHN WELCH, ) | |
| ALICIA WHITCOMB, and ) | |
| BRANDON DARLING, ) | |
| Defendants ) | |

## THIRD SUPERSEDING INDICTMENT

The Grand Jury charges:

### COUNT 1

From in or about July 2018 through in or about October 2018, in the District of Vermont and elsewhere, the defendant, KRYSTAL WHITCOMB, knowingly possessed firearms, in furtherance of a drug trafficking crime for which she may be prosecuted in a court of the United States, that is, conspiracy to distribute heroin and fentanyl, as charged in Count 2, and possession with intent to distribute cocaine base, as charged in Count 3.

(18 U.S.C. § 924(c)(1)(A))

1

## COUNT 2

From in or about Spring 2016 through in or about October 2018, in the District of Vermont and elsewhere, the defendants, KRYSTAL WHITCOMB, SHAWN WHITCOMB and ALICIA WHITCOMB, knowingly and willfully conspired together and with others, known and unknown to the grand jury, to distribute heroin, a schedule I controlled substance, and fentanyl, a schedule II controlled substance. The conduct of the defendants KRYSTAL WHITCOMB, SHAWN WHITCOMB and ALICIA WHITCOMB, including the reasonably foreseeable conduct of other members of the conspiracy, involved 100 grams or more of a mixture and substance containing a detectable amount of heroin.

(21 U.S.C. §§ 841(a)(1), 841(b)(1)(B), 846)

## COUNT 3

On or about October 14, 2018, in the District of Vermont and elsewhere, defendants KRYSTAL WHITCOMB and MICHAEL HAYES, a.k.a. Moe, knowingly and intentionally possessed with the intent to distribute heroin, a schedule I controlled substance, and 28 grams or more of cocaine base, a Schedule II controlled substance.

(21 U.S.C. §§ 841(a)(1), (b)(1)(B), 18 U.S.C. § 2)

## COUNT 4

From in or about August 2018 through in or about October 2018, in the District of Vermont and elsewhere, the defendant, MICHAEL HAYES, a.k.a. Moe, knowingly possessed firearms, in furtherance of a drug trafficking crime for which he may be prosecuted in a court of the United States, that is, possession with intent to distribute heroin and cocaine base, as charged in Count 3, and conspiracy to distribute cocaine, as charged in Count 5.

(18 U.S.C. § 924(c)(1)(A))

4

COUNT 5

From in or about the Spring of 2018 through in or about October 2018, in the District of Vermont and elsewhere, the defendants, MICHAEL HAYES, a.k.a. Moe, JOHN WELCH, ALICIA WHITCOMB and BRANDON DARLING, knowingly and willfully conspired together and with others, known and unknown to the grand jury, to distribute cocaine, a schedule II controlled substance, and cocaine base, a schedule II controlled substance. The conduct of the defendant MICHAEL HAYES, a.k.a. Moe, including the reasonably foreseeable conduct of other members of the conspiracy, involved 500 grams or more of a mixture and substance containing a detectable amount of cocaine, and 28 grams or more of a mixture and substance containing a detectable amount of cocaine base.

(21 U.S.C. §§ 841(a)(1), 841(b)(1)(B), 846)

## COUNT 6

In or about October 2018, in the District of Vermont and elsewhere, the defendants, KRYSTAL WHITCOMB and MICHAEL HAYES, a.k.a. Moe, knowingly and willfully conspired to unlawfully possess ammunition, in violation of 18 U.S.C. § 922(g)(1) and 18 U.S.C. § 922(g)(3).

### Object of the Conspiracy

It was the object of the conspiracy that the defendants would obtain and possess ammunition, although defendant KRYSTAL WHITCOMB was prohibited from possessing ammunition because she was an unlawful user of and a person addicted to a controlled substance, in violation of 18 U.S.C. § 922(g)(3), and although defendant MICHAEL HAYES, a.k.a. Moe, was prohibited from possessing ammunition because he had been convicted of a crime punishable by imprisonment for a term exceeding one year, in violation of 18 U.S.C. § 922(g)(1).

### Manner and Means

As part of the conspiracy, in or about October 2018, the defendants traveled to a Walmart in Littleton, New Hampshire, purchased ammunition at the Walmart, and transported the ammunition to Vermont.

### Overt Act

In furtherance of the conspiracy, the defendants committed, or caused to be committed, the following overt act in the District of Vermont:

1.    On or after October 11, 2018, the transportation of ammunition from New Hampshire into Vermont.

(18 U.S.C. § 371)

6

## COUNT 7

On or about October 14, 2018, in the District of Vermont, the defendant, SHAWN WHITCOMB, knowingly possessed ammunition in and affecting interstate commerce, then being an unlawful user of and addicted to a controlled substance as defined in 21 U.S.C. § 802, and knowing that he was an unlawful user of and addicted to such a substance.

(18 U.S.C. §§ 922(g)(3), 924(a)(2))

## COUNT 8

On or about July 12, 2018, in the District of Vermont, defendant SHAWN WHITCOMB

knowingly and intentionally distributed heroin, a Schedule I controlled substance.

(21 U.S.C. §§ 841(a)(1), (b)(1)(C))

## COUNT 9

On or about July 16, 2018, in the District of Vermont, defendant SHAWN WHITCOMB

knowingly and intentionally distributed heroin, a Schedule I controlled substance.

(21 U.S.C. §§ 841(a)(1), (b)(1)(C))

9

## COUNT 10

On or about July 19, 2018, in the District of Vermont, defendant SHAWN WHITCOMB

knowingly and intentionally distributed heroin, a Schedule I controlled substance.

(21 U.S.C. §§ 841(a)(1), (b)(1)(C))

## COUNT 11

On or about August 14, 2018, in the District of Vermont, defendant SHAWN WHITCOMB

knowingly and intentionally distributed heroin, a Schedule I controlled substance.

(21 U.S.C. §§ 841(a)(1), (b)(1)(C))

## COUNT 12

On or about September 6, 2018, in the District of Vermont, defendant SHAWN WHITCOMB knowingly and intentionally distributed heroin, a Schedule I controlled substance.

(21 U.S.C. §§ 841(a)(1), (b)(1)(C))

## COUNT 13

On or about October 10, 2018, in the District of Vermont, defendant KRYSTAL WHITCOMB knowingly and intentionally distributed heroin, a Schedule I controlled substance, and fentanyl, a Schedule II controlled substance.

(21 U.S.C. §§ 841(a)(1), (b)(1)(C))

## COUNT 14

From in or around October 2018 through in or about February 2019, in the District of Vermont and elsewhere, the defendant, JOHN WELCH, knowingly possessed in and affecting interstate commerce a firearm, namely, a Taurus 1911 9mm pistol serial number TKO49780, then being an unlawful user of and addicted to a controlled substance as defined in 21 U.S.C. § 802, and knowing that he was an unlawful user of and addicted to such a substance.

(18 U.S.C. §§ 922(g)(3), 924(a)(2))

## COUNT 15

Between in or about August 2018 and October 14, 2018, in the District of Vermont and elsewhere, defendant MICHAEL HAYES a.k.a. Moe, knowingly possessed a firearm in and affecting commerce, to wit, an Hi-Point .40 caliber handgun with serial number X7261449, having previously been convicted of a crime punishable by imprisonment for a term exceeding one year, and knowing that he had been convicted of such a crime.

(18 U.S.C. §§ 922(g)(1), 924(a)(2))

## COUNT 16

From in or about the Summer of 2018 through in or about October 2018, the defendants, ALICIA WHITCOMB and BRANDON DARLING, controlled a place, that is, 1372 Back Center Road, Apt. 2 in Lyndon, Vermont, as a lessees or occupants, and knowingly and intentionally made available for use such place for the purpose of unlawfully storing, distributing and using controlled substances.

(21 U.S.C. § 856(a)(2))

## FORFEITURE NOTICE

1.      The allegation contained in Count Two of this Third Superseding Indictment is

realleged and incorporated by reference for the purpose of alleging forfeiture pursuant to 21

U.S.C. § 853.


2.      Pursuant to 21 U.S.C. § 853, upon conviction of an offense in violation of 21

U.S.C. §§ 841(a)(1), 846, defendants KRYSTAL WHITCOMB, SHAWN WHITCOMB and

ALICIA WHITCOMB shall forfeit to the United States any property constituting, or derived

from, any proceeds obtained, directly or indirectly, as a result of such offenses and any property

used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of,

the offenses.  The property to be forfeited includes, but is not limited to:

> a.  Approximately $22,000 in United States currency;
>
> b.  Coins from 2394 Duck Pond Road, Waterford, Vermont; and
>
> c.  Precious metals from 2394 Duck Pond Road, Waterford, Vermont.

3.      If any forfeitable property described above, as a result of any act or omission of

the defendants:

> a.  cannot be located upon the exercise of due diligence;
>
> b.  has been transferred or sold to, or deposited with, a third party;
>
> c.  has been placed beyond the jurisdiction of the court;
>
> d.  has been substantially diminished in value; or
>
> e.  has been commingled with other property which cannot be
>     subdivided without difficulty;

the United States shall be entitled to forfeiture of substitute property pursuant to

21 U.S.C. § 853(p).

(21 U.S.C. § 853)

A TRUE BILL

FOREPERSON

CHRISTINA E. NOLAN (JJB)
United States Attorney
Burlington, Vermont
September 12, 2019

18